UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, ) | |
| ) | |
| Plaintiff, ) | No. 3:14-cv-01953 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| METRO-DAVIDSON COUNTY ) | |
| DETENTION FACILITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M

The plaintiff, an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 against the Metro-Davidson County Detention Facility (MDCDF), Corrections Corporation of America, and 27 individuals (25 named, and 2 unnamed John or Jane Does), alleging a host of civil rights violations at MDCDF. (Docket No. 1). The complaint seeks damages, entry of a declaratory judgment, issuance of an injunction, and expungement of the plaintiff's institutional disciplinary record. (*Id.* at pp. 5I-5J).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. PLRA Screening

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the

United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the plaintiff's lengthy complaint sets forth a number of alleged violations of his constitutional and civil rights. The complaint alleges that, while incarcerated at the MDCDF, the plaintiff has been denied access to a law library five days a week, has been the victim of excessive force and retaliatory actions at the hands of correctional officers on multiple occasions, has been segregated from the general population unjustly, and has been denied his due process rights, along with a host of other claims. (Docket No. 1).

**A.     Claims against MDCDF**

First, the plaintiff's complaint names as a defendant the Metro-Davidson County Detention Facility. However, MDCDF, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against MDCDF.     **B.     Official capacity claims for monetary damages**

The plaintiff's claims for monetary damages against the individual defendants in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*,

3

491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

### C. Access to the courts claims

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id*. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Here, the plaintiff alleges that "G-unit inmates" such as the plaintiff are only permitted to access legal materials "two days a week for 30 minutes" and that such limitations violate the inmates' constitutional and civil rights. (Docket No. 1 ¶ 14). However, the plaintiff has not alleged that any action by defendant Mangrum, the educational director, or defendant Yates, the law librarian, prejudiced either the plaintiff's filing or prosecution of a legal matter. Thus, the plaintiff has not stated an actionable claim under the First Amendment for the denial of access to the courts.

4

The plaintiff's denial of access to courts claims will be dismissed.

### D. Failure to respond to grievances

The plaintiff's claims against several defendants are premised on the defendant's response, or lack of response, to the plaintiff's grievances and/or complaints. (See Docket No. 1 ¶¶ 16, 22, 23, 28). Although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's claims based on any defendant's failure to respond to plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

### E. Remaining claims and defendants

As to the plaintiff's remaining claims and defendants, the court finds that the complaint sufficiently states colorable due process claims, First Amendment (retaliation) claims, Fourth Amendment (excessive force) claims, and Eighth Amendment (conditions of confinement; inadequate medical health care) claims through 42 U.S.C. § 1983.[1] 28 U.S.C. § 1915A.

Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may

---

[1] The complaint also alleges state law tort claims.

be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" or "Jane Doe" defendants, the two unnamed CCA Board of Directors members, at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

### III.     Motion to Appoint Counsel

The plaintiff has requested the appointment of counsel in his *pro se* federal civil rights case. (Docket No. 3). He states that he needs an attorney since he is unable to afford counsel, the issues involved in his case "are complex," he has limited access to law books, and he has limited knowledge of the law. (*Id.*)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The plaintiff's circumstances as described are typical to most prisoners and do not suggest anything exceptional in nature. Therefore, the motion for the appointment of counsel will be denied at this time. Should the plaintiff's circumstances change over the course of this litigation, he may renew his request for appointment of counsel.

### IV.     Motion to Amend

6

The plaintiff has filed a motion to amend his complaint. (Docket No. 4). "The court should freely give leave [to amend] when justice so requires." Rule 15(a), Fed. R. Civ. P.; *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). A motion to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the nom-movant, or futility. *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 519 (6th Cir. 2001), *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

There is no evidence before the court suggesting any intent on the part of Mr. Harris to delay or prejudice this action. The only amendments he seeks are to add a missing date in the complaint and an additional request for production of documents that he attached to his complaint. (Docket No. 4). Therefore, the court will grant the plaintiff's motion to amend.

## V. Conclusion

As set forth above, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to the following claims and defendants: all claims against MDCDF, claims for monetary damages against the individual defendants in their official capacities, access to courts claims against all defendants, and failure to respond to grievances against all defendants. These claims and defendants therefore will be dismissed.

However, with regard to the remaining defendants, the court finds that the complaint states colorable due process claims, First Amendment (retaliation) claims, Fourth Amendment (excessive force) claims, and Eighth Amendment (conditions of confinement; inadequate medical health care) claims through 42 U.S.C. § 1983. The case will proceed as to these claims and defendants.

The plaintiff's motion for appointment of counsel (Docket No. 3) will be denied. However, the plaintiff's motion to amend the complaint (Docket No. 4) will be granted.

An appropriate order shall be entered.

_____
Aleta A. Trauger
United States District Judge